**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------

| | | |
|---|---|---|
| In re: JOHNS-MANVILLE CORP., et al, | : | 04 Civ. 8001 (JGK) |
| | : | **(Lead Case)** |
| Debtors. | : | |
| | : | **OPINION & ORDER** |

------------------------------------------------

**JOHN G. KOELTL, District Judge:**

On March 28, 2006 this Court issued a decision affirming in part and vacating in part the Bankruptcy Court's ruling with respect to its August 17, 2004 "Clarifying Order" in the Johns-Manville bankruptcy case. See In re Johns-Manville Corp., 340 B.R. 49 (S.D.N.Y. 2006). On April 26, 2006 various parties timely filed notices of appeal from this decision. Additional notices of appeal were filed by other parties shortly thereafter.

Federal Rule of Appellate Procedure 4(a)(3) provides that "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later." Thus, the deadline to file a cross appeal was May 10, 2006.

On May 11, 2006, Travelers Indemnity Company and Travelers Casualty and Surety Company (collectively, "Travelers") filed a cross appeal. Travelers now moves to enlarge retroactively the period of time to file a cross appeal by one day pursuant to

Federal Rule of Appellate Procedure 4(a)(5)(A), which provides that:

> The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Travelers moved within the thirty day deadline to request an extension, and argues that its failure to file a timely notice of appeal was due to "excusable neglect." Counsel for Travelers argues in its Memorandum of Law that it inadvertently calendared the first notice of appeal--filed on April 26, 2006--as being instead filed on April 27, 2006, which was the date the filing was received at Travelers' counsel's offices.[1] Counsel for Travelers erroneously calculated the deadline for filing a cross appeal as being May 11, 2006.

The Asbestos Personal Injury Plaintiffs oppose the enlargement of the period for filing appeals, arguing that the erroneous deadline calculations did not constitute "excusable neglect" for purposes of Rule 4(a)(5).

---

[1] Travelers' Memorandum of Law inadvertently described the first notice of appeal as having been filed on March 26, 2006 and as having been calendared by Travelers' counsel on March 27, 2006.

2

**I.**

In determining what constitutes "excusable neglect" in the context of Bankruptcy Rule 9006(b)(1), which permits certain late filings in a bankruptcy proceeding upon a finding of "excusable neglect," the Supreme Court ruled that factors to be considered include "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993).

The Second Circuit Court of Appeals applied this test in deciding whether a party demonstrated excusable neglect for purposes of Rule 4(a)(5), putting special emphasis on the third factor: "the reason for the delay, including whether it was within the reasonable control of the movant." Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003) (quoting Pioneer). The Court of Appeals noted that the other three factors will almost always be satisfied in the context of a motion to extend the time to file a notice of appeal: "[D]elay always will be minimal in actual if not relative terms, and the prejudice to the non-movant will often be negligible, since the Rule requires a 4(a)(5) motion to be filed within thirty days of

3

the last day for filing a timely notice of appeal.... And rarely in the decided cases is the absence of good faith at issue." Id. (internal citation and quotation marks omitted).

The Court of Appeals applied a strict standard in determining what amounts to excusable neglect, noting that "the equities will rarely favor a party who 'fail[s] to follow the clear dictates of a court rule' and ... where 'the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test.'" Id. at 366-67 (quoting Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 247, 250-51 (2d Cir. 1997) (per curiam)). In Silivanch, the Court of Appeals held that the district court exceeded its discretion by finding that a lawyer's misplaced reliance on another lawyer's erroneous calculation of the filing deadline was excusable neglect. Silivanch, 333 F.3d at 367.

The Second Circuit Court of Appeals and other courts have strictly limited what attorney error could be considered excusable neglect. See United States v. Hooper, 43 F.3d 26, 29 (2d Cir. 1994) (per curiam) (affirming denial of extension where delay resulted from a poorly supervised assistant's ignorance of the rules); Weinstock v. Cleary, Gottlieb, Steen & Hamilton, 16 F.3d 501, 503 (2d Cir. 1994) (affirming denial of extension where delay was due to a misunderstanding of the rules, even though the

rule in question was "a 'trap' for the unsuspecting litigant"); Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 464 (8th Cir. 2000) (deadline miscalculation was "garden-variety attorney inattention" and was not excusable neglect); Pruitt v. Metcalf & Eddy Inc., No. 03 Civ. 4780, 2006 WL 760279, at *1-2 (S.D.N.Y. March 24, 2006) (delay due to attorney filing service's failure to pick up papers because they were misplaced in counsel's office was not excusable neglect); Neishlos v. City of New York, No. 00 Civ. 914, 2003 WL 22990083, at *1 (S.D.N.Y. Dec. 18, 2003) (delay caused by "mail carrier's error" and counsel's failure to check online docket sheets despite having received notice of a judgment was not excusable neglect).

**II.**

Travelers argues that the other three Pioneer factors weigh heavily in its favor, because Travelers had acted in good faith and there was no danger of prejudice to the other parties because there was only one day of delay. This is not disputed, but the Second Circuit Court of Appeals has emphasized "that it is the third factor--the reason for the delay--that predominates, and the other three are significant only in close cases." Williams v. KFC Nat. Management Co., 391 F.3d 411, 415-16 (2d Cir. 2004). Travelers also argues that Williams noted that the Pioneer test for excusable neglect was a "liberal test" that is "at bottom an equitable one." Id. at 415. The Williams court found that the

5

district court's grant of an extension was not an abuse of discretion, but noted "a critical difference" in that unlike in Silivanch, the motion for an extension of time was uncontested. Id. at 416. The Court of Appeals found that it was not an abuse of discretion for the district court not to, sua sponte, examine the merits of the facts in more depth. Id. at 418. Here, the request for an extension is opposed.

Travelers points to the Advisory Committee Notes to the 2002 Amendments to Rule 4(a)(5), which point out that "[t]he excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant." Travelers argues that this standard should be broad enough to include "oversights" by moving parties. But all that the Advisory Notes indicate is that "neglect" can be a basis for an extension if it is "excusable." The Advisory Committee Notes do not purport to explain when "neglect" is "excusable," and the Second Circuit Court of Appeals in Silivanch made clear that it takes a very restrictive view of what errors should be excused.

Travelers' error in computing the deadline for filing a notice of appeal is an example of "garden-variety attorney inattention" that fails to rise to excusable neglect. See Silivanch, 333 F.3d at 367; Lowry, 211 F.3d at 464. Other courts have found excusable neglect when there was some basis to excuse

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------

In re: JOHNS-MANVILLE CORP., et al,   :     04 Civ. 8001 (JGK)
                                           :     (Lead Case)
              Debtors.           :
                                           :     **OPINION & ORDER**

--------------------------------------------------

**JOHN G. KOELTL, District Judge:**

On March 28, 2006 this Court issued a decision affirming in part and vacating in part the Bankruptcy Court's ruling with respect to its August 17, 2004 "Clarifying Order" in the Johns-Manville bankruptcy case. See In re Johns-Manville Corp., 340 B.R. 49 (S.D.N.Y. 2006). On April 26, 2006 various parties timely filed notices of appeal from this decision. Additional notices of appeal were filed by other parties shortly thereafter.

Federal Rule of Appellate Procedure 4(a)(3) provides that "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later." Thus, the deadline to file a cross appeal was May 10, 2006.

On May 11, 2006, Travelers Indemnity Company and Travelers Casualty and Surety Company (collectively, "Travelers") filed a cross appeal. Travelers now moves to enlarge retroactively the period of time to file a cross appeal by one day pursuant to

Federal Rule of Appellate Procedure 4(a)(5)(A), which provides that:

> The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Travelers moved within the thirty day deadline to request an extension, and argues that its failure to file a timely notice of appeal was due to "excusable neglect." Counsel for Travelers argues in its Memorandum of Law that it inadvertently calendared the first notice of appeal--filed on April 26, 2006--as being instead filed on April 27, 2006, which was the date the filing was received at Travelers' counsel's offices.[1] Counsel for Travelers erroneously calculated the deadline for filing a cross appeal as being May 11, 2006.

The Asbestos Personal Injury Plaintiffs oppose the enlargement of the period for filing appeals, arguing that the erroneous deadline calculations did not constitute "excusable neglect" for purposes of Rule 4(a)(5).

---

[1] Travelers' Memorandum of Law inadvertently described the first notice of appeal as having been filed on March 26, 2006 and as having been calendared by Travelers' counsel on March 27, 2006.

2

**I.**

In determining what constitutes "excusable neglect" in the context of Bankruptcy Rule 9006(b)(1), which permits certain late filings in a bankruptcy proceeding upon a finding of "excusable neglect," the Supreme Court ruled that factors to be considered include "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993).

The Second Circuit Court of Appeals applied this test in deciding whether a party demonstrated excusable neglect for purposes of Rule 4(a)(5), putting special emphasis on the third factor: "the reason for the delay, including whether it was within the reasonable control of the movant." Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003) (quoting Pioneer). The Court of Appeals noted that the other three factors will almost always be satisfied in the context of a motion to extend the time to file a notice of appeal: "[D]elay always will be minimal in actual if not relative terms, and the prejudice to the non-movant will often be negligible, since the Rule requires a 4(a)(5) motion to be filed within thirty days of

3

the last day for filing a timely notice of appeal.... And rarely in the decided cases is the absence of good faith at issue." Id. (internal citation and quotation marks omitted).

The Court of Appeals applied a strict standard in determining what amounts to excusable neglect, noting that "the equities will rarely favor a party who 'fail[s] to follow the clear dictates of a court rule' and ... where 'the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test.'" Id. at 366-67 (quoting Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 247, 250-51 (2d Cir. 1997) (per curiam)). In Silivanch, the Court of Appeals held that the district court exceeded its discretion by finding that a lawyer's misplaced reliance on another lawyer's erroneous calculation of the filing deadline was excusable neglect. Silivanch, 333 F.3d at 367.

The Second Circuit Court of Appeals and other courts have strictly limited what attorney error could be considered excusable neglect. See United States v. Hooper, 43 F.3d 26, 29 (2d Cir. 1994) (per curiam) (affirming denial of extension where delay resulted from a poorly supervised assistant's ignorance of the rules); Weinstock v. Cleary, Gottlieb, Steen & Hamilton, 16 F.3d 501, 503 (2d Cir. 1994) (affirming denial of extension where delay was due to a misunderstanding of the rules, even though the

4

rule in question was "a 'trap' for the unsuspecting litigant"); Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 464 (8th Cir. 2000) (deadline miscalculation was "garden-variety attorney inattention" and was not excusable neglect); Pruitt v. Metcalf & Eddy Inc., No. 03 Civ. 4780, 2006 WL 760279, at *1-2 (S.D.N.Y. March 24, 2006) (delay due to attorney filing service's failure to pick up papers because they were misplaced in counsel's office was not excusable neglect); Neishlos v. City of New York, No. 00 Civ. 914, 2003 WL 22990083, at *1 (S.D.N.Y. Dec. 18, 2003) (delay caused by "mail carrier's error" and counsel's failure to check online docket sheets despite having received notice of a judgment was not excusable neglect).

**II.**

Travelers argues that the other three Pioneer factors weigh heavily in its favor, because Travelers had acted in good faith and there was no danger of prejudice to the other parties because there was only one day of delay. This is not disputed, but the Second Circuit Court of Appeals has emphasized "that it is the third factor--the reason for the delay--that predominates, and the other three are significant only in close cases." Williams v. KFC Nat. Management Co., 391 F.3d 411, 415-16 (2d Cir. 2004). Travelers also argues that Williams noted that the Pioneer test for excusable neglect was a "liberal test" that is "at bottom an equitable one." Id. at 415. The Williams court found that the

5

district court's grant of an extension was not an abuse of discretion, but noted "a critical difference" in that unlike in Silivanch, the motion for an extension of time was uncontested. Id. at 416. The Court of Appeals found that it was not an abuse of discretion for the district court not to, sua sponte, examine the merits of the facts in more depth. Id. at 418. Here, the request for an extension is opposed.

Travelers points to the Advisory Committee Notes to the 2002 Amendments to Rule 4(a)(5), which point out that "[t]he excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant." Travelers argues that this standard should be broad enough to include "oversights" by moving parties. But all that the Advisory Notes indicate is that "neglect" can be a basis for an extension if it is "excusable." The Advisory Committee Notes do not purport to explain when "neglect" is "excusable," and the Second Circuit Court of Appeals in Silivanch made clear that it takes a very restrictive view of what errors should be excused.

Travelers' error in computing the deadline for filing a notice of appeal is an example of "garden-variety attorney inattention" that fails to rise to excusable neglect. See Silivanch, 333 F.3d at 367; Lowry, 211 F.3d at 464. Other courts have found excusable neglect when there was some basis to excuse

6

the attorney's mistake other than simple error, mistake, or inadvertence. See In re Diet Drugs (Phentermine/Fenfluramine/Dexfenflurammine) Products Liability Litigation, 401 F.3d 143, 152 (3d Cir. 2005) (finding excusable neglect where the notice of the order that was appealed was mailed to counsel's old business address); Local Union No. 12004, United Steelworkers Of America v. Massachusetts, 377 F.3d 64, 72 (1st Cir. 2004) (affirming grant of extension where "the attorney who was responsible for preparing the notice of appeal was preoccupied by the need to care for his infant son, who was severely ill"); Katz v. Berisford International PLC, No. 96 Civ. 8695, 2000 WL 1760965, at *6 (S.D.N.Y. Nov. 30, 2000) (some confusion over whether the time to appeal was tolled amounted to excusable neglect). Such exceptional circumstances are not present here.

## CONCLUSION

For the reasons explained above, Travelers' motion for an enlargement of the time period set out in Federal Rule of Appellate Procedure 4(a) is **denied**.

**SO ORDERED.**

Dated: New York, New York
       June 13, 2006

John G. Koeltl
United States District Judge